IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL SHANNON DRUMMOND,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL DEPARTMENT, MSP and DR. PAUL REES,<br><br>Defendants. | CV 17-00113-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This Court screened Plaintiff Michael Drummond's Complaint as required by 28 U.S.C. § 1915 and 28 U.S.C. § 1915A determine if it was frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  (Doc. 8.)  The Court determined that Mr. Drummond's allegations were insufficient to state a claim and were subject to dismissal.  (Doc. 8.)  Mr. Drummond was given an opportunity to file an amended complaint which he has now done.  The Amended Complaint, however, contains the same allegations as the original Complaint and therefore fails to state a claim.

Mr. Drummond continues to allege that on September 2, 2017 he started having pain on his right side.  He claims he submitted numerous medical requests

1

and was seen twice by Dr. Rees. Dr. Rees told him the pain was caused by bowel problems and prescribed two different medications. He claims the medications were ineffective and he is still suffering from severe pain.

Mr. Drummond's allegations against Dr. Rees are insufficient to state an Eighth Amendment claim. Mr. Drummond alleges that Dr. Rees has tried two different medications in an attempt to resolve his medical issues. He also alleges that numerous tests have been done which have come back negative. (Amended Complaint, Doc. 9 at 7.) The fact that those medications have been ineffective does not establish deliberate indifference. Mr. Drummond has only alleged that Dr. Rees provided medical care but was unsuccessful at relieving Mr. Drummond's pain. He has not alleged sufficient facts to permit the court to infer more than the mere possibility of misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); Fed.R.Civ.P. 8(a)(2). His allegations still fail to state a claim for relief.

Mr. Drummond did not name the MSP Medical Department in his Amended Complaint. He was specifically advised in the Court's prior Order that once he files an amended complaint, it replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, all claims against the MSP Medical

Department should be dismissed.

The Court has considered whether Mr. Drummond could further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

A party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); *see also Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), *amended by* 234 F.3d 428, *overruled on*

*other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007); *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Here, Mr. Drummond was advised that his allegations were insufficient to state a claim and he was provided with the relevant legal standards to consider in drafting his amended pleading. His Amended Complaint, however, fails to add relevant facts to proceed on his claims, suggesting that there are no additional facts to plead. Thus, the Court finds that amendment would be futile and will recommend that leave to amend be denied.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Mr. Drummond failed to state a claim.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on

>appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain that the Amended Complaint is frivolous as it lacks arguable substance in law or fact. No reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Mr. Drummond must

immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Drummond failed to state a claim.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Drummond may file objections to these Findings and Recommendations

within 14 days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of December, 2018.

                                                 */s/ John Johnston*
                                                John Johnston
                                                United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail). . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Drummond is being served by mail, he is entitled an additional three days after the period would otherwise expire.